UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEREK ARCHIE,

                                Plaintiff,

                                                 Case # 23-CV-6645-FPG

v.

                                                 DECISION AND ORDER

GENERAL SECURITY INC.,

                                Defendant.

## INTRODUCTION

      Plaintiff Derek Archie brings this action against Defendant General Security Inc. pursuant to the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. On February 16, 2024, the Clerk of Court issued an entry of default as to Defendant. ECF No. 5. Defendant now moves to vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c), dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] and impose sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11(b). ECF No. 7. Plaintiff opposes Defendant's motion in its entirety. ECF Nos. 12, 18. For the reasons that follow, Defendant's motion (ECF No. 7) is GRANTED IN PART AND DENIED IN PART. The Clerk of Court's Entry of Default is VACATED, and the complaint is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

### I.    Motion to Vacate Entry of Default

      Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

---

[1] While Defendant brings its Motion to Dismiss pursuant to both Rule 12(b)(1) and 12(b)(6), the Court believes it is properly brought under 12(b)(6) and therefore, it need not address Rule 12(b)(1).

The entry of default is not discretionary. *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (per curiam). Nevertheless, after a default is entered, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

## II.    Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing, e.g., *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215–16 (2d Cir. 2008)). However, the Court remains mindful that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (additional internal quotation marks omitted)).

## BACKGROUND

Plaintiff alleges that Defendant has harassed him for a fraudulent debt. ECF No. 1 at 4. Plaintiff claims that he repeatedly told Defendant that the alleged debt does not belong to him. *Id.* Plaintiff further alleges that he sent Defendant three debt validation letters over the course of three months, asking Defendant to show "proof of the ledger and a true bill from the original creditor and who owns the original debt." *Id.* Plaintiff claims that Defendant refused to do so in violation of the FDCPA. *Id.* He also alleges that Defendant violated his due process rights by proceeding to take him to court without validating the debt.[2] *Id.*

On November 8, 2023, Plaintiff brought the instant action in this Court. *Id.* at 1. Plaintiff brings two claims alleging that Defendant: (1) acted as a debt collector without showing authority to act in violation of the FDCPA; and (2) had its lawyers harass him with letters and put a hard inquiry on his credit report in violation of the FDCPA.[3] *Id.* at 4. On February 15, 2024, Plaintiff requested that the Clerk of Court issue an entry of default due to Defendant's failure to file a timely answer to his complaint. ECF No. 4. On February 16, 2024, the Clerk of Court issued an entry of default as to Defendant. ECF No. 5.

---

[2] While Plaintiff does not name the specific court action in his complaint or other documents, the Court believes he is referencing *General Security Inc. v. Archie*, No. E2023001910 (N.Y. Sup. Ct. filed July 10, 2023) (the "Collection Lawsuit"). Defendant alleges that in the Collection Lawsuit, Plaintiff was found liable for the debt owed to Defendant at issue in this case. *See* ECF No. 7-2 at 1–2. Plaintiff also references a Supreme Court case in his Opposition Memorandum (ECF No. 12) and implies that he was found liable for the debt at issue in this case. ECF No. 12 at 6.

[3] On the Civil Cover Sheet of Plaintiff's complaint, under cause of action, Plaintiff also lists "Violation of TILA." ECF No. 1-1 at 1. The Court believes that this is a reference to the Truth in Lending Act, 15 U.S.C. § 1601 et seq. However, Plaintiff does not indicate anywhere else in the complaint or in his submissions to the Court that any of his claims arise under the TILA. Additionally, he makes no specific allegations that Defendant violated the TILA in any of his submissions to the Court. The Court therefore concludes that Plaintiff's claims are not brought pursuant to the TILA.

## DISCUSSION

Defendant moves to (I) vacate the entry of default pursuant Rule 55(c); (II) dismiss the complaint pursuant to Rule 12(b)(6); and (III) impose sanctions against Plaintiff pursuant to Rule 11(b). ECF No. 7. The Court discusses each in turn.

## I.    Motion to Vacate the Entry of Default

Defendant moves to vacate the entry of default pursuant to Rule 55(c). Fed. R. Civ. P. 55(c). Rule 55(c) allows the court to set aside an entry of default for "good cause." *Id.* The Court must consider three factors when determining whether there is "good cause" to vacate the entry of default: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers*, 779 F.3d at 186. "[N]o single factor is dispositive." *FedEx TechConnect, Inc. v. OTI, Inc.,* No. 12 Civ. 1674, 2013 WL 5405699, at *4 (S.D.N.Y. Sept. 23, 2013). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Good cause" should be construed generously. *Id.*

As for the willfulness factor, Defendant argues that its failure to answer the complaint was not willful, but rather the result of Plaintiff's improper service of process. ECF No. 7-1 at 8. In response, Plaintiff contends that Defendant was properly served. ECF No. 12 at 6. In this context, willfulness must involve more than mere carelessness or negligence by the defaulting party. *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Willfulness requires egregious conduct that is not satisfactorily explained. *Id.* Here, even assuming that Plaintiff properly served Defendant, there are no allegations that Defendant acted egregiously or in a manner that demonstrates anything other than negligent or careless conduct. Therefore, the first factor weighs in favor of Defendant.

As for the meritorious defense factor, Defendant argues that it is an original creditor, which is not subject to the FDCPA. ECF No. 7-1 at 10. With regard to the meritorious defense component, the Second Circuit has held that only a "low threshold of adequacy" need be shown, *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981), "measured not by whether there is a likelihood that [the defense] will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense*." Enron Oil Corp.*, 10 F.3d at 98. Here, Defendant has submitted evidence that it is an original creditor not subject to the FDCPA, which would constitute a complete defense to Plaintiff's claims under the act. Thus, the second factor also weighs in favor of Defendant.

As for the final factor, prejudice to Plaintiff, because vacating a default judgment will result in some delay, "delay standing alone does not establish prejudice." *Id.* Instead, it must be shown that the delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Here, Plaintiff makes no allegations that vacating the default judgment will prejudice him in any way beyond the delay caused by the default itself. As such, the third factor also weighs in favor of Defendant.

As all three factors weigh in favor of Defendant, the Court concludes that there is "good cause" to vacate the entry of default pursuant to Rule 55(c), and the Clerk's Entry of Default, ECF No. 5, is hereby vacated.

## II.    Motion to Dismiss

Defendant next moves to dismiss pursuant to Rule 12(b)(6). Defendant argues it is an original creditor, which is exempt from the FDCPA. ECF No. 7-1 at 10. As it is exempt from the act which Plaintiff relies on to bring this action, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. *See id.*

The provisions of FDCPA which the Plaintiff relies on in this action only apply to "debt collectors." *See* 15 U.S.C. §§ 1692d, e, g, k. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Plaintiff vehemently denies that he is liable to Defendant for any debt, and he claims that Defendant has failed to provide evidence of the ledgers to show it is an original creditor. ECF No. 12 at 7. Nevertheless, he does not allege that Defendant is a business whose "principal purpose. . . is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, even assuming Plaintiff is correct that Defendant has not proved it is an original creditor, Plaintiff has failed to state a claim upon which relief could be granted because he has not alleged that Defendant is a debt collector as defined by the act.

Plaintiff also argues that Defendant's counsel violated the FDCPA because § 1692e(3) prevents attorneys from being debt collectors. ECF No. 12 at 7. A debt collector violates § 1692e(3), when it gives "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." Again, Plaintiff has failed to allege that Defendant is subject to this provision because he has not alleged it is a debt collector as defined by the act. However, even if Plaintiff had alleged that Defendant is subject to the act, his claim would still fail. As the Second Circuit has explained when discussing § 1692e(3), "attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is *not misleading.*" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005). Plaintiff has not alleged any conduct on behalf of the attorneys that was misleading.

Liberally construed, Plaintiff's allegations as to Defendant's counsel could be read as asserting the "false name" exception under the FDCPA. *See* 15 U.S.C. § 1692a(6). Under this exception, a creditor can be subject to the act when "(1) the creditor is collecting its own debts; (2) the creditor 'uses' a name other than its own; and (3) the creditor's use of that name falsely indicates that a third person is 'collecting or attempting the collect' the debts that the creditor is collecting." *See Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (citing 15 U.S.C. § 1692a(6)). Here, Plaintiff maintains that Defendant is not a creditor collecting its own debts. Further, Plaintiff makes no allegations that Defendant's counsel falsely indicated that it was a third person attempting to collect the debts that Defendant is also collecting. In fact, it is clear from Plaintiff's submissions to the Court that he was aware that Defendant's counsel was working on behalf of Defendant to collect the debt that Defendant alleges Plaintiff owes. Therefore, the false name exception cannot apply.

In sum, Plaintiff has failed to allege that Defendant is subject to the FDCPA because he has failed to allege that Defendant is a debt collector as defined by the act or that the "false name" exception applies. Further, Plaintiff has failed to allege any conduct on behalf of Defendant's counsel that would violate the act. Therefore, Plaintiff has failed to state a claim under FDCPA, and Defendant's Motion to Dismiss is granted.

Ordinarily, in view of the leniency to be afforded to *pro se* plaintiffs, the Court provides such plaintiffs an opportunity for leave to amend prior to dismissal. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). However, such leave need not be given if the Court determines that further leave to amend would be futile. *See Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."). Given the

nature of Plaintiff's allegations and claims, the Court concludes that "granting leave to amend is unlikely to be productive," *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993), and leave to amend is denied as futile. *See Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000).

## III.  Motion for Sanctions

Finally, Defendant moves for sanctions pursuant to Rule 11(b). ECF No. 7-1 at 12. In response, Plaintiff requests that Defendant be sanctioned. ECF No. 12 at 7; ECF No. 18 at 6. Given that this case is being dismissed with prejudice, the Court does not believe it would be a productive use of this Court's or the parties' resources to impose or enforce sanctions. Consequently, Defendant's motion for sanctions and Plaintiff's request for sanctions are both denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion, ECF No. 7, is GRANTED IN PART AND DENIED IN PART. The Clerk of Court's Entry of Default is VACATED, and the complaint is DISMISSED WITH PREJUDICE. Defendant's motion for sanctions is DENIED, *see* ECF No. 7, and Plaintiff's request for sanctions, *see* ECF Nos. 12, 18, is DENIED. Plaintiff's request for an Entry of Default Judgment for Sum Certain, ECF No. 11, is DENIED AS MOOT. Defendant's request to have Plaintiff's sur-reply stricken from the record, ECF No. 19, is DENIED.

IT IS SO ORDERED.

Dated: March 18, 2025

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

8